# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

ASHLEY R. GOINS                                                                                         PLAINTIFF

V.                      CASE NO. 4:17-CV-435-SWW-BD

NANCY A. BERRYHILL, Acting Commissioner,
Social Security Administration                                      DEFENDANT

# RECOMMENDED DISPOSITION

This Recommended Disposition ("Recommendation") has been sent to Judge Susan Webber Wright. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection.

To be considered, your objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

## I. Introduction:

On July 15, 2013, Ashley R. Goins applied for disability benefits, alleging disability beginning on July 24, 2006. (Tr. at 22) Ms. Goins's claims were denied initially and upon reconsideration. *Id.* After conducting a hearing, the Administrative Law Judge ("ALJ") denied her application. (Tr. at 37) The Appeals Council denied her request for review. (Tr. at 1) The ALJ's decision now stands as the final decision of the Commissioner, and Ms. Goins has requested judicial review.

## II. The Commissioner's Decision:

The ALJ found that Ms. Goins had not engaged in substantial gainful activity since the application date of July 15, 2013. (Tr. at 24) At step two of the five-step analysis, the ALJ found that Ms. Goins had the following severe impairments: history of traumatic brain injury with epilepsy, mood disorder with borderline-personality traits, and anxiety disorder. (Tr. at 25)

After finding that Ms. Goins's impairments did not meet or equal a listed impairment (Tr. at 26), the ALJ determined that Ms. Goins had the residual functional capacity ("RFC") to perform the full range of work at all exertional levels, with some limitations. (Tr. at 28) She could not work at unprotected heights, or be around moving or dangerous machinery, or drive a motor vehicle. *Id*. She would be limited to unskilled work where interpersonal contact is incidental to the work performed and where the complexity of tasks is learned and performed by rote, has few variables, and requires little independent judgment. *Id*. She would be limited to supervision that is simple, direct, and concrete, and she could not deal with the general public. *Id*.

The ALJ next found that Ms. Goins had no past relevant work. (Tr. at 36) At step five, the ALJ relied on the testimony of a Vocational Expert ("VE") to find that, based on Ms. Goins's age, education, work experience and RFC, she was capable of performing work in the national economy as mailroom clerk, inspector, and hand packager. (Tr. at 37) Based on the determination, the ALJ held that Ms. Goins was not disabled. *Id.*

**III. Discussion:**

    A. Standard of Review

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). The Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. The Court cannot reverse the decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

    B. Ms. Goins's Arguments on Appeal

Ms. Goins contends that substantial evidence does not support the ALJ's decision to deny benefits. She argues that the ALJ erred in his RFC and credibility determinations, that he failed to fulfill his duty at step five. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

Ms. Goins suffered a traumatic brain injury in a car wreck in July of 2006. (Tr. at 410, 499) She claimed she had recurring seizures as a result, but did not show treatment for seizures in the six years following the accident. (Tr. at 29) The failure to seek regular and continuing treatment contradicts allegations of disability. *See Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997). She had a seizure while in prison in 2012, but stated that she was not using seizure medication at that time. (Tr. at 29) Ms. Goins was prescribed Dilantin in April of 2013, but admitted she was not taking it as prescribed in

3

August of 2013. *Id*. She noted that she only had experienced two seizures in the prior four months in spite of noncompliance. (Tr. at 30)

The record is replete with evidence of Ms. Goins's noncompliance. In 2008, her doctor found her noncompliant with psychiatric medication. (Tr. at 505) She admitted in May of 2008 that her medications were working, but that she forgot to take them regularly. (Tr. at 518). She reiterated that statement in November 2008. (Tr. at 526). A claimant's noncompliance with treatment is a legitimate consideration in evaluating the validity of her alleged disability. *See Holley v. Massanari*, 253 F.3d 1088, 1092 (8th Cir. 2001). In 2014, Ms. Goins stated that Geodon worked for mood stabilization but also that she often forgot to take that medication as prescribed. (Tr. at 798, 837) The Court cannot afford great weight to Ms. Goins complaints when she has not treated her conditions as prescribed.

Moreover, a sleep study from May of 2014 showed no seizure-like EEG waves. (Tr. at 701) And in September 2014, Ms. Goins had intact coordination, with normal sensorimotor functioning and cranial nerves. (Tr. at 710) Normal examination findings are not indicative of disabling conditions. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001). Finally, Ms. Goins did not require hospitalization or ER visits more than a handful of times for seizure episodes. (Tr. at 30) Ms. Goins's minimal treatment, normal testing results, and noncompliance with seizure medication undermine her claims regarding disabling effects of epilepsy.

As for mental health, Ms. Goins did require hospitalization for about a week in 2008, but she told the practitioner that she was "court-ordered" to be there. (Tr. at 507) A

mental diagnostic examination in October of 2013 revealed a fair attitude and cooperative demeanor, with appropriate affect and no speech abnormalities. (Tr. at 618) She admitted she was not using medications, and in March of 2015, she said she had stopped seeing her psychiatrist. (Tr. at 31) By July 2015, she still was not going to regular therapy or taking medications. *Id*. And again, she admitted that Geodon helped with her moods but she often forgot to take it. Moreover, mental status exams were regularly normal with linear and goal-directed thought process, full range of expression, congruent mood, and cooperative behavior. (Tr. at 508-545, 618).

The state medical examiner found, upon examination, that Ms. Goins was able to communicate effectively, cope with the mental demands of work tasks, and sustain persistence in completing tasks. (Tr. at 623) Ms. Goins's mild clinical exam results and noncompliance with treatment do not indicate a disabling mental health condition.

But, Ms. Goins argues that both the mental and physical RFC were flawed. A claimant's RFC represents the most he can do despite the combined effects of all credible limitations and must be based after considering all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). When determining a claimant's RFC, the ALJ has a duty to establish, using competent medical evidence, the physical and mental activity that the claimant can perform in a work setting, after giving appropriate consideration to all of impairments. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996). Here, the ALJ considered the full record to formulate the RFC, including the opinion evidence.

Two state-agency medical consultants found that Ms. Goins could perform work at all exertional levels but with seizure precautions. (Tr. at 100, 137) The ALJ gave great

5

weight to those opinions because no significant physical limitations were demonstrated in the record. While Andrew Wilkins, M.D., found moderate limitations in Ms. Goins's ability to sit, walk, stand, and carry, he did not cite evidence to support that opinion, and his own examination of Ms. Goins showed full range of motion in her extremities, no joint effusion, normal gait and station, and no muscle asymmetry or atrophy. (Tr. at 612-615) Physicians' opinions that are internally inconsistent are entitled to less deference than they would receive in the absence of inconsistencies. *Guilliams v. Barnhart*, 393 F.3d 798, 803 (8th Cir. 2005). Ms. Goins did not require narcotics for pain, seek physical therapy, or consult with a pain specialist. The need for only conservative treatment contradicts allegations of disabling pain. *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993).

The mental RFC was likewise supported by the record. The ALJ gave little weight to the short, three-sentence letter-opinion provided by Dr. Kent Cooper, M.D., in June 2015. (Tr. at 750) He found "intractable epilepsy" that would render Ms. Goins unemployable. *Id*. The letter did not cite to medical evidence. A brief, conclusory form has little evidentiary value when it cites to no medical evidence and provides little or no elaboration. *Anderson v. Astrue*, 696 F.3d 790, 794 (8th Cir. 2012); *Juszczyk v. Astrue*, 542 F.3d 626, 632 (8th Cir. 2008) (finding that the ALJ properly rejected a physician's assessment where it was inconsistent with the objective medical evidence and other evidence in the record). As noted, Ms. Goins did not take seizure medication as directed and objective seizure testing was relatively normal.

The mental health consultants did not find Ms. Goins to be significantly limited in her mental functioning. The ALJ considered those opinions but opted to place more nonexertional restrictions on Ms. Goins. The RFC provided for simple, unskilled work, and was appropriate based on the record as a whole.

The credibility analysis was also proper and thorough. Before coming to a conclusion on a claimant's credibility, an ALJ must give full consideration to all of the evidence presented relating to subjective complaints, including prior work record, as well as observations by third parties and treating and examining physicians regarding: 1) the claimant's daily activities; 2) the duration, frequency, and intensity of pain; 3) precipitating and aggravating factors; 4) dosage, effectiveness and side effects of medication; and 5) functional restrictions. *Polaski v. Heckler*, 751 F.2d 943, 948 (8th Cir. 1984).[1]

The ALJ discussed Ms. Goins's ability to engage in a variety of activities of daily living. She could take care of pets, prepare meals daily, do laundry and dishes, mop, and shop in stores. (Tr. at 340-343) Such daily activities undermine her claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995); *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003). The ALJ also cited Ms. Goins's noncompliance with treatment,

---

[1] Social Security Ruling 16-3p, 2016 SSR LEXIS 4, removed the word "credibility" from the analysis of a claimant's subjective complaints, replacing it with "consistency" of a claimant's allegations with other evidence. It became effective on March 28, 2016, but the underlying analysis still incorporates the same factors discussed in *Polaski* and requires the ALJ to make a determination based on all evidence in the record. *Martsolf v. Colvin*, No. 6: 16-CV-00348-NKL, 2017 U.S. Dist. LEXIS 2748 (W.D. Mo. Jan. 9, 2017). The Court notes that the hearing decision in this case pre-dated the effective date of SSR 16-3p, so the Court assumes the standard credibility analysis here.

lack of hospitalization, and lack of medication side effects. (Tr. at 32-33). He also noted that, while Ms. Goins stated she was not using illegal drugs, throughout the record she admitted smoking marijuana. (Tr. at 33, 799) The ALJ properly considered the factors required for a complete credibility analysis.

Finally, Ms. Goins argues that the ALJ failed to carry his burden at step five. She argues that simple work did not correspond with the problem-solving required for the mailroom clerk job. The Commissioner correctly points out that two other jobs with simple job descriptions were suggested by the VE: inspector and hand packager. (Pl. Brief at 14) VE testimony constitutes substantial evidence when, as here, it is in response to a hypothetical that captures all the concrete consequences of a claimant's impairments. *Buckner v. Astrue*, 646 F.3d 549, 561 (8th Cir. 2011). The RFC that the ALJ chose for his hypothetical to the VE incorporated all of Ms. Goins's limitations, and the jobs proposed aligned with the RFC. There was no error at step five.

## IV. **Conclusion**:

There is substantial evidence to support the Commissioner's decision that Ms. Goins was not disabled. The RFC incorporated all of Ms. Goins's limitations, the credibility analysis was proper, and the ALJ did not err at step five. The decision, therefore, should be affirmed. The case should be dismissed, with prejudice.

IT IS SO ORDERED this 6th day of March, 2018.

_____
UNITED STATES MAGISTRATE JUDGE